UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMANTE TROY STANSBERRY,

                Plaintiff,

-against-

AUBURN CORRECTIONAL FACILITY,

                Defendant.

1:25-CV-5646 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Damante Troy Stansberry, who is currently incarcerated in the Auburn Correctional Facility, in Auburn, Cayuga County, New York, brings this *pro se* action asserting claims of federal constitutional violations. He sues the Auburn Correctional Facility ("Auburn"), and his claims seem to arise from events that occurred in Auburn. Plaintiff seeks unspecified relief. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

    The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

It does not appear that Auburn, a New York State prison, has the capacity to be sued, and even if it did, it would appear that Auburn resides in Cayuga County, within the Northern District of New York, *see* 28 U.S.C. § 112(a), not within this judicial district.[1] Thus, it seems that, if Auburn can be sued, the proper venue in which to sue it, under Section 1391(b)(1), would be the United States District Court for the Northern District of New York. In addition, because Plaintiff seems to allege that a substantial part, if not, all of the events giving rise to his claims took place in Auburn, in Cayuga County, within the Northern District of New York, *see id.*, as opposed to within this judicial district, it appears that the United States District Court for the Northern District of New York, and not this court, is a more appropriate venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff seems to allege that a substantial part, if not, all of the events giving rise to his claims occurred within the Northern District of New York, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Northern District of New York, which is a proper venue for Plaintiff's claims under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 10, 2025
           New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge